■ JOHN BENTON, Plaintiff, v 673 FIRST REALTY Co. et al., Defendants and Third-Party Plaintiffs-Respondents. NEW YORK HOSPITAL, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [823 NYS2d 379]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered on or about June 30, 2005, which reversed an order of Civil Court, Bronx County (Wilma Guzman, J.), entered on or about June 19, 2002, and reinstated a jury verdict apportioning 25% liability to third-party defendant New York Hospital (Hospital), unanimously reversed, on the law, without costs, New York Hospital's motion for judgment notwithstanding the verdict granted and the third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, an office clerk employed by third-party defendant Hospital, and two coworkers were asked to move an empty file cabinet from one office location to another. Plaintiff and his coworkers successfully loaded the file cabinet onto a dolly, rolled it up a ramp, removed it from the dolly, loaded it into a van, and

drove to the other office location where the cabinet was unloaded. At the loading dock, plaintiff and his coworkers unloaded the file cabinet from the van, placed it on the dolly, rolled it up a ramp, opened a door, pushed the dolly and cabinet through the doorway, negotiated a corner, and headed down a hallway toward the freight elevator, all without incident.

At this time, one coworker was pushing, and plaintiff was pulling and guiding the dolly in the front. The freight elevator door was open. The coworker continued to push from behind, while plaintiff went ahead to hold the elevator door. The evidence at trial established that a defective condition of defendants/third-party plaintiffs' floor caused the dolly carrying the cabinet to tip over. Plaintiff tried to catch the cabinet, but was knocked to the floor, and the cabinet landed partially across him, causing injury.*

During the trial, the Hospital moved to dismiss on the ground that there was no evidence that the dolly had been moved in a negligent manner, and the trial court reserved decision. With respect to the Hospital, the court charged the jury regarding an employer's liability based on the actions of its employees. The court instructed the jurors to return a general verdict, and the jury apportioned damages between defendants/third-party plaintiffs and the Hospital. The Hospital then moved for judgment notwithstanding the verdict.

Civil Court granted the Hospital's motion for judgment notwithstanding the verdict. Specifically, the court found that the precipitating cause of the accident was the defect in the floor together with the ordinary task of moving a file cabinet and that no amount of training or instruction could have prevented the accident.

Defendants/third-party plaintiffs appealed, and the Appellate Term reversed, reinstating the verdict against the Hospital. Specifically, Appellate Term found that a fair interpretation of the evidence permitted the jury's finding that the Hospital was partially responsible for the accident based on either failure to train or co-employee negligence.

We reverse. The evidence was legally insufficient to support the verdict. Indeed, upon a review of the trial testimony, there is "simply no valid line of reasoning and permissible inferences" from which the jury could have found the Hospital liable (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

---

* Plaintiff sued the owners who commenced a third-party action against the Hospital as the incident predated the "grave injury" amendment to section 11 of the Workers' Compensation Law.

The evidence adduced at trial established that the defect in the floor, the repair of which was defendant owners' responsibility, caused the accident and there was no evidence that the coworker, long since deceased and never deposed, was negligent in pushing the cabinet on the dolly. The only evidence remotely bearing on this issue was plaintiff's testimony that while he went ahead to hold the elevator door he thought his coworker "had to be moving a little faster." To infer from this testimony that plaintiff's coworker was negligent and that his negligence was a cause of plaintiff's injury is utter speculation.

It does not appear from the transcript that the trial court even charged the jury on the issue of the Hospital's duty to train, and, in any case, the record is devoid of evidence to support such a theory. Concur—Tom, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ. [*See* 8 Misc 3d 129(A), 2005 NY Slip Op 50989(U) (2005).]